IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHANIEL SMITH THURSTON, JR.,

    Petitioner,

vs.

ANTHONY HAYNES, Warden, and
BUREAU OF PRISONS,

    Respondents.

CIVIL ACTION NO.: CV211-108

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nathaniel Smith Thurston, Jr. ("Thurston"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents[1] filed a Response. Thurston filed a Traverse. For the following reasons, Thurston's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Thurston pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(d), and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). United States v. Thurston, No. 1:92-cr-00727-JLK-1 (S.D. Fla.). The district court sentenced Thurston to 200 months' imprisonment and 60 months' imprisonment, respectively, to run consecutively. Id.

---

[1] Respondents correctly assert that the Bureau of Prisons is an improper respondent for Thurston's § 2241 petition. The only correct respondent is the current warden at FCI Jesup. Rumsfeld v. Padilla, 542 U.S. 426 (2004). Due to the undersigned's recommended disposition of Thurston's petition, no further discussion of this assertion is necessary.

AO 72A
(Rev. 8/82)

In the instant petition Thurston alleges that several aspects of his confinement are contrary to law and violate his rights. Thurston seeks injunctive and declaratory relief. Respondents contend that Thurston's petition should be dismissed as improperly brought pursuant to § 2241. Additionally, Respondents aver that Thurston's claim regarding the alleged denial of his request for authorized chapel privileges for those who practice the Nuwaubian faith should be dismissed for failure to exhaust administrative remedies.

## DISCUSSION AND CITATION TO AUTHORITY

When a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (internal punctuation and citation omitted). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Id. (citations omitted). The results of a successful habeas corpus petition and a successful civil rights action vary greatly. Habeas corpus "traditionally has been accepted as the specific instrument to obtain release from unlawful confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (internal punctuation and citation omitted). Successful constitutional challenges to the conditions of a prisoner's confinement, however, entitle the prisoner only to a correction of the unconstitutional conditions, not to release from confinement. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (citations omitted).

Thurston alleges that (1) the operations of cell occupancy at FCI Jesup violate Bureau of Prisons ("BOP") Policy 1060.11, (2) he was subjected to disciplinary

2

punishment in violation of 28 C.F.R. §§ 541.10 and 541.22, (3) he was subjected to disciplinary punishment in violation of 28 C.F.R. § 541.19, and (4) his rights were violated as a result of the denial of his request for authorized chapel privileges for those who practice the Nuwaubian faith. (Doc. No. 1, pp. 2–4). He seeks a declaration of his rights as to each claim. Additionally Thurston seeks injunctions to compel (1) "Haynes and the Bureau of Prisons to perform compliance with federal policy 1060.11," (2) "the BOP to [expunge] incident report . . . No. 534431" which he alleges is in violation of 28 C.F.R. § 541.19, and (3) "Haynes and the BOP to perform designating the Nuwaubian Religion for authorize[d] practice." (Doc. No. 1, pp. 4–5). Thurston does not attack the legality of his conviction or sentence, and he does not request relief in the form of immediate or expedited release from confinement. Consequently, Thurston's claims do not fall within the ambit of a habeas corpus petition. Thurston's civil rights claims challenging the conditions of his confinement would appropriately be brought in an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Respondents' other argument in favor of dismissal need not be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Thurston's § 2241 petition be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 5th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3