IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHANIEL SMITH THURSTON, JR., :
:
    Petitioner, :
:
vs. :   CIVIL ACTION NO.: CV211-108
:
ANTHONY HAYNES, Warden, and :
BUREAU OF PRISONS, :
:
    Respondents. :

## ORDER

Petitioner Nathaniel Thurston ("Thurston") filed Objections to the Magistrate Judge's Report dated October 5, 2011, which recommended that Thurston's 28 U.S.C. § 2241 petition be dismissed. In his Objections, Thurston argues that: (1) his claims fall within the ambit of those to be addressed pursuant to § 2241; (2) the Magistrate Judge erred in relying on case law, as opposed to the wording of § 2241 alone; and (3) the Bureau of Prisons ("BOP") should be a proper respondent for his § 2241 petition.

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. As discussed in Nelson v. Campbell, 541 U.S. 637, 643 (2004), and in the Magistrate Judge's Report, habeas corpus petitions challenge the fact of a prisoner's conviction or the duration of his confinement. Conversely, constitutional claims that challenge the conditions of a prisoner's confinement may be brought pursuant to a civil rights action. Id. Each of Thurston's allegations relates to the conditions of his confinement. As the Magistrate Judge noted, Thurston does not attack the legality of his conviction or sentence, and he

does not request relief in the form of immediate or expedited release from confinement. Consequently, Thurston's claims do not fall within the ambit of a habeas corpus petition.

The Magistrate Judge did not err in relying on case law, as opposed to the wording of § 2241 alone. "*Stare decisis* is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." Payne v. Tennessee, 501 U.S. 808, 827 (1991) (citation omitted). In the same vein, the Magistrate Judge did not err by noting that the BOP is an improper respondent for Thurston's § 2241 petition. See Rumsfeld v. Padilla, 542 U.S. 426 (2004).

The Magistrate Judge was correct in finding it unnecessary to examine the merits of Thurston's petition, which should have been brought in an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Thurston's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Thurston's 28 U.S.C. § 2241 petition is **DISMISSED**, without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 21 day of October, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)